UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 19-48945

RAFAH HANA HERMIZ DAWOOD,                           Chapter 13

        Debtor.                             Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE COURT'S JULY 19, 2019 SHOW-CAUSE ORDER**

This case is before the Court on the Court's show-cause order, entered on July 19, 2019, entitled "Order Requiring the Debtor to Show Cause Why the Court Should Not Dismiss this Case for Cause with a 2-year Bar to Refiling, or Take Certain Other Action" (Docket # 30, the "Show-Cause Order"). The Debtor filed her written response to the Show-Cause Order, on July 26, 2019.[1] This case is scheduled for a hearing on the Show-Cause Order, to be held on August 1, 2019 at 2:00 p.m.

The Court has reviewed the Debtor's written response to the Show-Cause Order. The Court now concludes that a hearing on the Show-Cause Order is not necessary, and that the Court should dismiss this case and order certain other relief, as described below, for the following reasons.

The Court incorporates into this opinion, by reference, everything that it stated in the Show-Cause Order. The Court also incorporates by reference everything that it stated in the two opinions that it filed in the case of *In re Basrah Custom Design, Inc.*, Case No. 18-56801 (the "*Basrah* case"), at Docket ## 113 and 121.[2] In this opinion, the Court sometimes will use the

---

[1] Docket # 51.

[2] These opinions are reported at 600 B.R. 386 and 2019 WL 2521122.

abbreviated names as they are defined in the foregoing two opinions from the *Basrah* case.

The Debtor in this case, Rafah Dawood, also known as Rafaa Dawood and Rafaa Nocha (sometimes referred to below as the "Debtor"), is conclusively bound by the findings and conclusions in the December 7, 2018 State Court Decision, under the doctrine of collateral estoppel. This so for the same reasons that it is so for Basrah and for Weaam Nocha, which were explained in this Court's May 21, 2019 Opinion in the *Basrah* case (Docket # 113, at pages 10-12). The Debtor Rafah Dawood therefore is precluded from making any assertions or arguments in this case that are inconsistent with any of the findings or conclusions made in the State Court Decision.

After this Court dismissed the *Basrah* Chapter 11 case on May 21, 2019, with a two-year bar to refiling, the following events occurred. First, in the *Basrah* case, the Debtor Basrah filed a motion for reconsideration on June 4, 2019, which this Court denied on June 18, 2019.[3] The Debtor Basrah has appealed this Court's decisions, but has neither sought nor obtained any stay pending that appeal.

Second, in the State Court Lawsuit, on June 11, 2019, MJCC obtained an order appointing a receiver "to complete closing on the sale of the [Nocha] Property," which order gave the receiver "full power and discretion to do anything and everything necessary to complete the sale and transfer of the Property." But the state court ordered that "such sale and transfer of the Property may not take place until after the [c]ourt has heard and ruled on Defendants' Motion

---

[3] Docket ## 121, 122 in the *Basrah* case.

for Stay Pending Appeal."[4]

Third, in the State Court Lawsuit, on Friday, June 14, 2019 at 2:51 p.m., the state court entered an order denying the defendants' motion for stay pending appeal.[5] This cleared the way for the state court receiver to close the sale and transfer of the Nocha Property to MJCC.

Fourth, on Monday, June 17, 2019 at 8:40 a.m., the Debtor Rafah Dawood filed her voluntary bankruptcy petition, commencing this Chapter 13 bankruptcy case.[6] Less than two hours later, the Debtor sent an email to the state court receiver informing him of the bankruptcy filing, and stating "[a]t this point you cannot touch my property."[7]

Fifth, on June 24, 2019, the Debtor Rafah Dawood filed in this case a motion to extend the deadline for her to file various required documents. In that motion, the Debtor stated why she filed this bankruptcy case, in her own handwriting. And she also stated that she had hired and obtained advice from an attorney. The Debtor stated:

> June 17th 2019 I filed an emergency Chapter 13 case by myself **in order to prevent the forced sale on my property I own.** I hired an attorney last week - he gave me all the wrong information - I have to find another attorney - therefor I need an exten[s]ion more time to file the proper missing documents.[8]

In her written response to the Court's Show-Cause Order, the Debtor admitted having made the

---

[4] June 11, 2019 Order of the state court, Ex. C to the concurrence filed in this case by the state court receiver, at Docket # 48.

[5] June 14, 2019 Order of the state court, Ex. D to the concurrence filed in this case by the state court receiver, at Docket # 48.

[6] Docket # 1.

[7] Debtor's June 17, 2019, 10:21 a.m. e-mail to attorney Elliot Crowder, Ex. E to the concurrence filed in this case by the state court receiver, at Docket # 48.

[8] Motion to Extend Time to File Missing Documents (Docket # 15) (emphasis added).

3

foregoing statement to the Court, and she did not deny that she filed this bankruptcy case to try to prevent the sale of the Nocha Property to MJCC.[9]

Based on the following: (a) the findings and conclusions made by the state court in the State Court Decision; (b) the reasons stated by this Court in its two opinions in the *Basrah* case (Docket ## 113, 121 in the *Basrah* case), which apply as well to the Debtor Rafah Dawood and to this case; and (c) the post-May 21, 2019 events and facts described above, it is clear and obvious to this Court, and the Court concludes, that the Debtor Rafah Dawood:

1. filed this bankruptcy case in bad faith and for improper purposes — the same improper purposes for which Basrah filed its Chapter 11 case;

2. has unclean hands, for the same reasons the Court found Basrah to have had unclean hands in its Chapter 11 bankruptcy case;

3. filed this bankruptcy case to try to evade the state court's decisions, in the State Court Lawsuit, that the Nocha Property must be sold to MJCC on the terms stated in the State Court Decision;

4. filed this bankruptcy case to improperly try to obtain a stay that would delay the sale/transfer of the Nocha Property to MJCC, while the state court defendants' appeal of the State Court Decision is pending, but without having to obtain a stay pending appeal from the state trial court or the state court of appeals; and

5. filed this Chapter 13 bankruptcy case without any chance of being able to use any provision of the Bankruptcy Code to avoid the ultimate sale/transfer of the Nocha Property to MJCC, as ordered by the state court in the State Court Lawsuit.

---

[9] *See* Debtor's Response, filed July 26, 2019 (Docket # 51) at ¶ 14.

For the foregoing reasons, the Court finds and concludes that "cause" exists for the dismissal or conversion of this case, under 11 U.S.C. § 1307(c); that it is in the best interests of creditors and the estate for the Court to dismiss this case rather than convert it to Chapter 7; that under 11 U.S.C. § 105(a), this Court should promptly dismiss this case *sua sponte*, and order the other relief described below, all as necessary and appropriate to prevent an abuse of the bankruptcy process by the Debtor Rafah Dawood, and to prevent further improper efforts to evade this Court's orders in the *Basrah* case and in this case.

As in the *Basrah* case, and for the same reasons as in the *Basrah* case, the Court concludes that a two-year bar to refiling is necessary and appropriate in this case. But now it is clear that something more is needed, to prevent any improper use of the bankruptcy system in the future. In part, this is because there are other defendants in the State Court Lawsuit who could file bankruptcy in the future, for the same reason that Basrah and Rafah Dawood have done so. The Court will enter an *in rem* order, which will prevent the automatic stay under 11 U.S.C. § 362(a) from arising, with respect to the Nocha Property or actions taken against that property, in any future bankruptcy case filed within two years after the entry of this Order by or against the Debtor; Weaam Nocha; Basrah Custom Design, Inc.; Holden Dawood; DMCC , LLC; or any other person or entity.

The Court has authority to order such *in rem* relief under 11 U.S.C. § 105(a) and by analogous authority under 11 U.S.C. § 362(d)(4). Section 362(d)(4) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> . . .

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

(B) multiple bankruptcy filings affecting such real property.

Section 362(d)(4) does not literally apply here, because the Court is not acting on the motion of a secured creditor. But when combined with § 105(a), § 362(d)(4) does lend support, by analogy, to the *in rem* relief being granted here. Drawing on the words of § 362(d)(4), it is obvious to this Court that in this case, the "filing of the petition was part of a scheme to **delay, hinder**, or defraud creditors that involved . . . multiple bankruptcy filings affecting . . . real property." (Emphasis added). This abuse of the bankruptcy system must not continue.

For these reasons, the Court will enter an order granting the relief described.

**Signed on July 29, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge