UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 19-48945

RAFAH HANA HERMIZ DAWOOD,                       Chapter 13

        Debtor.                              Judge Thomas J. Tucker
_____/

**ORDER DENYING THE MOTION BY THE UNITED STATES TRUSTEE
SEEKING DISGORGEMENT OF FEES UNDER 11 U.S.C. § 329**

      This case is before the Court on the motion filed on August 2, 2019 by the United States Trustee (the "UST"), entitled "Motion for an Order Requiring Debtor's Attorney to Return Payment under 11 U.S.C. § 329" (Docket # 59, the "Motion"). The Debtor's counsel, Osipov Bigelman, P.C. ("Osipov"), filed a detailed response objecting to the Motion, on August 16, 2019 (Docket # 62, the "Response").

      The Court has reviewed and carefully considered the Motion and the Response, including the exhibits attached to the Response. And, of course, the Court is very familiar with the background, events, and history of this now-dismissed case. The Court concludes that a hearing on the UST's Motion is not necessary, and that the Motion should be denied for the following reasons.

      The Court appreciates the concerns that led the UST to file the Motion. It is only after reviewing the Response filed by Osipov, and the exhibits to that Response, that the Court is now satisfied that it should not order any relief under 11 U.S.C. § 329(b). Rather, under the circumstances, the Court finds and concludes that: (1) grounds under 11 U.S.C. § 329(b) do not exist for ordering Osipov to return any of the $15,407 fee retainer received from the Debtor — *i.e.*, Osipov's compensation does not exceed the reasonable value of its services in this case; and (2) even if grounds for § 329(b) relief could be deemed to exist here, such relief under § 329(b) is discretionary, and the Court in its discretion would deny § 329(b) relief, under the unusual and complicated circumstances of this case and the related litigation that preceded this case.

      The circumstances include the following. First, the substantial work that Osipov did for the Debtor in this Chapter 13 case, in a relatively compressed time period, were sought and requested by the Debtor, were necessary and beneficial to the Debtor at the time, and did provide significant value to the Debtor. This is so even though the Court later dismissed the case. And at the time when Osipov did the work, it was not a foregone conclusion that this case would be dismissed. Second, as it turns out, the person who would be the beneficiary of any § 329(b) relief, *i.e.*, the Debtor, *opposes any such relief*.

      It was helpful and appropriate for the UST to bring the Motion, and thereby force Osipov and the Debtor to respond to the Motion and show why § 329(b) relief should not be granted.

The Response has persuaded the Court not to grant the Motion. Accordingly,

    IT IS ORDERED that the Motion (Docket # 59) is denied.

**Signed on August 23, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

2

19-48945-tjt   Doc 63   Filed 08/23/19   Entered 08/23/19 16:47:44   Page 2 of 2